IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                        ORDER

            Plaintiff,

                                      11-cv-459-bbc
                                      08-cr-152-bbc

     v.

TIMOTHY ROBINSON,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Timothy Robinson's pursuit of post conviction relief has been dogged. He filed his first motion in March 29, 2010, contending that his counsel had failed to file a notice of appeal although defendant had asked him to do so. An evidentiary hearing was held on that motion; I determined that defendant had wanted to appeal but that his lawyer had failed to file the notice of appeal. Defendant was appointed new counsel, who took an unsuccessful appeal on his behalf. The appeal was denied by the Court of Appeals for the Seventh Circuit on January 20, 2011. Defendant filed a new motion for post conviction relief on June 27, 2011, alleging that he was denied the assistance of constitutionally adequate counsel at the trial stage.

1

In an order entered on July 7, 2011, I directed defendant to supply more facts in support of his allegation. On July 28, 2011, however, I reviewed defendant's motion and realized that it was a mistake to give defendant a chance to supplement his motion, because the motion was a second or successive motion attacking the same sentence he had attacked in his March 29, 2010 motion. Although he limited his attack in that motion to his counsel's failure to take an appeal on his behalf, he could have raised in that motion the allegations of additional ineffectiveness that he is raising now.

Rather than arguing that he was prevented from raising those allegations, defendant has returned to the court to say that he did not intend his June 27 motion as a challenge to his trial counsel's shortcomings but as a challenge to his appellate counsel's representation of him. That is hard to credit, given his allegations in that motion, but there seems to be no procedural impediment to his pursuing post conviction relief based on ineffective assistance of appellate counsel. He has never filed such a motion concerning the actions of that lawyer and his present motion is timely.

I will enclose with this order a form for filing a post conviction motion, which defendant can fill out. He should keep in mind that he has to allege specific facts about what he asked his counsel to do, when he did this and whether he did so in person, by telephone or in writing. If he is alleging that it was a mistake for his trial counsel to limit the appeal to an argument that defendant was eligible for a lower sentence under the Fair Sentencing

Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, he should explain what other issues he thinks his counsel should have argued to the court of appeals and explain why he thinks they would have been successful.

ORDER

IT IS ORDERED that defendant Timothy Robinson may have until September 12, 2011, in which to file a post conviction motion challenging the effectiveness of his appellate counsel.

Entered this 15th day of August, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge